```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: FRASCELLA                :      MISCELLANEOUS ACTION
ENTERPRISES, INC.               :
                                :
                                :      NO. 08-100
```

MEMORANDUM

Bartle, C.J.                                        September 10, 2008

   Before the court is the motion of Frascella Enterprises, Inc., David W. Frascella, Jr., and Larry D. Frascella for leave to appeal the May 8, 2008 Order of a bankruptcy judge in the Eastern District of Pennsylvania to enforce a settlement agreement of a class action.

I.

   The facts underlying this bankruptcy case and class action are detailed in earlier opinions of the bankruptcy judge. See, e.g., In re Frascella Enter., 360 B.R. 435, 437-41 (Bankr. E.D. Pa. 2007). In brief, defendant Frascella Enterprises, Inc. doing business as CashToday was a payday lending business. In December, 2005, a class of consumers brought claims in the Court of Common Pleas of Philadelphia County against Frascella Enterprises and its principals, David and Larry Frascella, alleging violations of state usury and consumer protection laws. Defendant Frascella Enterprises filed for Chapter 11 bankruptcy

on January 30, 2006 and on February 3, 2006 removed the plaintiffs' action which became a part of the bankruptcy proceedings.

The facts relevant to this Motion for Leave to Appeal begin on August 17, 2007 when the parties executed an Agreement to Settle Class Adversary Proceeding ("the August Agreement") after seven months of negotiations.  On September 24, 2007, the plaintiffs filed a Motion Seeking Preliminary Approval of the Settlement Agreement accompanied by a proposed order of approval and a class notice.  The parties agree that when they appeared before the bankruptcy judge at a hearing on November 5, 2007, they were jointly seeking preliminary approval of the August Agreement.

At the November 5 hearing, the bankruptcy judge critiqued aspects of the August Agreement and, in particular, expressed her concerns about a provision regarding payment by the defendants upon default.  In re Frascella Enter., Inc., Bankr. No. 06-10322DWS, 2008 WL 2051115, at *2 (Bankr. E.D. Pa. May 8, 2008).  Instead of granting or denying preliminary approval of the August Agreement, the judge urged the parties to "return to the table" to address her reservations.  Id. at *3.  The parties agreed to do so.

At the time the parties brought the August Agreement before the bankruptcy judge, the defendants had pending before

her a motion to compel arbitration based on previously signed arbitration agreements between the parties.  On December 19, 2007, while the August class action settlement agreement was still awaiting preliminary approval from the bankruptcy judge, our Court of Appeals handed down Gay v. Creditinform, 511 F.3d 369 (3d Cir. 2007).  It held that arbitration agreements that preclude class actions are not per se unconscionable.  Id. at 391.  Two days later, counsel for the defendants e-mailed counsel for the plaintiffs.  The e-mail stated that in light of the bankruptcy judge's "failure to approve the earlier agreement, which is now null and void, and the impact of the Third Circuit's decision in Gay v. Creditinform, all terms previously proposed are hereby withdrawn.  Defendants need to give further thought to the terms upon which they would be willing to consider a settlement of this case."  Def.'s Br. at 8.

On February 15, 2008, the plaintiffs responded with a Motion to Enforce Settlement Agreement.  Specifically, the plaintiffs argued that the parties had reached a meeting of the minds on the modifications discussed following the November 5 hearing and that those terms had become part of the August Agreement.  In the alternative, the plaintiffs sought enforcement of the August Agreement without any subsequent modifications.

The bankruptcy judge ruled on May 8, 2008 that the August Agreement was still valid and enforceable but that there

had been no meeting of the minds with respect to any subsequent modifications.  In re Frascella Enter., Inc., 2008 WL 2051115, at *11.

## II.

District courts have jurisdiction under 28 U.S.C. § 158(a) to hear appeals "...with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title."[1]  28 U.S.C. § 158(a)(3); see In re Truong, 513 F.3d 91, 93 (3d Cir. 2008).  The parties agree that the bankruptcy judge's May 8 Order is interlocutory because it did not terminate the proceedings before her.

The parties also agree that district courts, in deciding whether to grant an appeal of an interlocutory bankruptcy order, typically reference the standard described in 28 U.S.C. § 1292(b), which governs the appeal of interlocutory orders of the district court to the court of appeals.  See In re Sandenhill, Inc., 304 B.R. 692, 694 (E.D. Pa. 2004).  Under § 1292(b), the district court may certify an interlocutory order for appeal where (1) the order "involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) "an immediate appeal from the

---

1.  Section 157 governs the procedure and circumstances under which district court judges may refer cases to bankruptcy judges. 28 U.S.C. § 157.

order may materially advance the ultimate termination of the litigation."

A "controlling question of law" is a broad concept that "encompass[es] at the very least every order which, if erroneous, would be reversible on final appeal." Katz v. Carte Blanche Corp., 496 F.2d 747, 755 (3d Cir. 1974). The issue need not be one that would terminate the litigation, nor need it be determinative of the claims on their merits. Id. Rather, relevant factors include whether the order is "serious to the conduct of the litigation, either practically or legally," including saving the time of the courts and the expense of the litigants. Id. at 755. The correctness of a decision to approve class action treatment is an appropriate ground for interlocutory appeal. Id. at 756. Similarly, we find that the correctness of a decision regarding the enforceability of a class action settlement is a controlling question of law amenable to interlocutory review. The enforceability of the August Agreement has obvious serious practical and legal consequences to this litigation. The opinion accompanying the bankruptcy judge's May 8, 2008 Order explained, "In short, my critique of the terms of the Settlement Agreement and demand for clarity in the notice and proposed order do not give the Defendants a license to repudiate their agreement." In re Frascella Enterprises, Inc., 2008 WL 2051115, at * 11. This issue that the bankruptcy judge decided

was a matter of law and, contrary to the plaintiffs' argument, not a resolution of disputed facts.

We next turn to the question of whether there exists a "substantial ground for difference of opinion" with respect to the May 8 Order. A "substantial ground for difference of opinion" exists where courts differ in their views on the correct legal standard. See Ungar v. Dunkin' Donuts of America, Inc., 531 F.2d 1211, 1214 (3d Cir. 1976). The defendants do not point us to conflicting decisions on the controlling legal standard. Whether a judge is free to postpone ruling on a motion for preliminary approval of a settlement agreement without affecting the validity of that agreement does not appear to have been the subject of any prior precedent in this Circuit. The mere existence of a matter of first impression is generally insufficient to establish a "substantial ground for difference of opinion." See, e.g., Max Daetwyler Corp. v. Meyer, 575 F. Supp. 280, 283 (E.D. Pa. 1983) (Pollak, J.). Some courts have found a "substantial ground for difference of opinion" where the matter of first impression is "novel" or requires "highly complex" analysis. See Zenith Radio Corp. v. Matsushita Elec. Indus. Co., Ltd., 494 F. Supp. 1190, 1243 (E.D. Pa. 1980) (Becker, J.). Here, however, the matter is not novel, and the analysis is straightforward.

When the parties jointly brought the August Agreement

before the bankruptcy judge on November 5, 2007, they considered themselves bound by it.  It is undisputed that the bankruptcy judge did not enter an order denying the joint motion seeking preliminary approval of the August Agreement.  Instead, she chose to defer ruling on the motion, or, as she describes it, she "suspended" her decision on the motion until the parties worked out the problems she had identified in the Agreement.  In re Frascella Enter., Inc., 2008 WL 2051115, at *9.

During the following seven weeks, the parties exchanged emails and drafts of modifications to the August Agreement.  The parties by mutual consent could have decided to abrogate their August Agreement.  However, they did not do so.  Under well-established principles of contract law, one party generally may not cancel a bilateral agreement such as this.  The fact that the parties entered into negotiations to modify an existing agreement does not change the result, and the defendants cite no case supporting their position. Consequently, based on the record before us, we do not see any basis for allowing an appeal because of a "substantial ground for difference of opinion" as to validity of the bankruptcy judge's May 8, 2008 Order.

Since the interlocutory order in issue does not meet the second prong under § 1292(b), we need not consider whether an immediate appeal from the order "may materially advance the ultimate termination of the litigation."

Finally, the defendants rely on the collateral order doctrine.  See Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546-47 (1949).  However, it does not provide an alternative mechanism for them to appeal the May 8 Order.  "To come within the 'small class' of decisions excepted from the final-judgment rule by Cohen, the order must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment."  Saber v. FinanceAmerica Credit Corp., 843 F.2d 697, 703 (3d Cir. 1988).  Assuming that the first two parts of the test have been met, there is nothing before us to demonstrate that the May 8 Order will effectively be unreviewable on appeal from a final judgment.

Accordingly, we will deny the defendants' motion for leave to appeal the bankruptcy judge's May 8, 2008 Order.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: FRASCELLA ENTERPRISES, INC. | : : : : | MISCELLANEOUS ACTION<br><br>NO. 08-100 |

ORDER

AND NOW, this 10th day of September, 2008, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that the motion of defendants Frascella Enterprises, Inc., David W. Frascella Jr., and Larry Frascella for leave to appeal the bankruptcy judge's Order of May 8, 2008 is DENIED.

BY THE COURT:

/s/ Harvey Bartle III
C.J.